# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-334V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

ASHTON GODFREY,            *

                                *      Filed: September 24, 2014

                                *

                 Petitioner,     *      Petitioners' Motion for a Decision
    v.                         *      Dismissing the Petition; Vaccine Act
                                *      Entitlement; Denial Without Hearing

SECRETARY OF HEALTH      *
AND HUMAN SERVICES,      *

                                *

                 Respondent.    *

                                *

* * * * * * * * * * * * * * * * * * * * * * * * *

*Jay Bansal*, Law Offices of Jay A. Bansal, Tempe, AZ, for Petitioner.

*Darryl Wishard*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION DISMISSING CASE[1]

On May 29, 2012, Ashton Godfrey filed a petition seeking compensation under the National Vaccine Injury Compensation Program[2] alleging that he suffered from an immune mediated illness as a result of vaccines that he received on June 10, 2009. *See* Petition at 1, 4 (ECF Docket No. 1). After Respondent filed her Rule 4(c) Report challenging the appropriateness of a damages award, the parties subsequently filed relevant medical exhibits and expert reports, and then prepared for an entitlement hearing scheduled to begin October 6, 2014.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

A digitally recorded telephonic status conference requested by the parties was conducted on September 22, 2014. During the status conference, the parties indicated that they had come to an agreement regarding dismissal of this case and also intended to attempt to work together to informally resolve the issue of attorneys' fees and costs.

After the status conference, Mr. Godfrey filed an unopposed motion requesting that a decision be entered dismissing this case. Motion at 1 (ECF No. 44). The motion indicated that "Petitioner has decided to withdraw his vaccine related claims and requests the Special Master issue a decision dismissing the action with prejudice under Vaccine Rule 21(b)." *Id.*

To receive compensation under the Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Mr. Godfrey suffered a "Table Injury." Further, Petitioner has not opted not to attempt to establish that his alleged injuries were vaccine-caused.

In this case, Mr. Godfrey has chosen not to proceed with his claim, and thus has not met his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed at Petitioner's request. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master